IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Wayne Lee McConico II,

    Plaintiff,                         No. CIV S-05-1026 DFL CMK P

  vs.

Jeremy Day, et al.,

    Defendants.               <u>ORDER &</u>
                                       <u>FINDINGS & RECOMMENDATIONS</u>

_____/

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging a violation of his due process rights. The complaint is now before the undersigned for review pursuant to Local Rule 72-302 and 28 U.S.C. § 1915A.

<u>Background</u>

       Plaintiff alleges in his complaint that his due process rights were violated by the exclusion of an African-American juror from the jury pool. Plaintiff states that an African-American juror[1] in his jury pool was run for a warrant check by the courtroom bailiff. The warrant check revealed an outstanding misdemeanor warrant. None of the other perspective jurors were run for warrant checks. On motion of the defense counsel, the court held a hearing to

---

[1] There were only three African-American jurors in plaintiff's jury pool. (Pl.'s Compl., attached Reporter's Transcript at 38:7-22.)

1 determine the extent of misconduct of the bailiff in his running of the warrant check and his
2 subsequent contact with the African-American juror. At the end of the hearing, defense counsel
3 moved to release the jury pool and call in an additional panel. The court, while concluding that
4 the bailiff's conduct was inappropriate, denied the motion to release the jury pool.

Discussion

A federal court must engage in a preliminary screening of any case in which a prisoner seeks relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims which are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

Plaintiff seeks damages and injunctive relief for defendants' actions which allegedly violated his right to due process. As explained below, plaintiff may not assert his claims in a civil rights action at this time because a cause of action has not yet occurred. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction unless that conviction has already been determined to be wrongful. See id. at 486-87. For example, a conviction may be determined to be wrongful when a reviewing state or federal court reverses the conviction on appeal or sets aside the conviction by issuing a writ of habeas corpus. See id. The Heck rule also bars a person from bringing an action that–even if it does not directly challenge the conviction–would imply that the conviction was invalid. See id. The practical importance of this rule is that plaintiffs cannot attack their convictions in a civil rights action for damages; the conviction must have been successfully attacked before the civil rights action. Plaintiff's underlying conviction has not been determined to be wrongful. Therefore, his § 1983 claim for damages and injunctive relief is Heck barred.

Although plaintiff's civil rights claim is Heck barred, the gravamen of his action

goes to the duration rather than the condition of his confinement. Suits challenging the validity of a prisoner's continued incarceration lie within "the heart of habeas corpus," while a §1983 claim is the proper remedy for a prisoner who is challenging the conditions of his confinement, but not the fact or length of his stay. Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973). However, the court cannot construe plaintiff's complaint as seeking habeas relief because it has not been properly exhausted.

Conclusion

Based on the foregoing, IT IS RECOMMENDED that plaintiff's civil rights action be dismissed without prejudice to plaintiff filing a new civil rights action should his underlying conviction be set aside through direct appeal or through a habeas action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 2, 2005.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE